# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 21-1256-CFC-JLH |
| SLAYBACK PHARMA LLC, APOTEX INC., and APOTEX CORP., |  |
| Defendants. | |

## PROPOSED FINAL PRETRIAL ORDER

## **TABLE OF CONTENTS**

I.    NATURE OF THE ACTION ..................................................................2

    A.    Plaintiff's Complaint ...............................................................4

    B.    Defendants' Answer and Counterclaim ..................................4

    C.    Claim Construction...................................................................5

II.   JURISDICTION .................................................................................5

III.  ADMITTED FACTS ...........................................................................6

IV.   CONTESTED FACTS .........................................................................6

V.    ISSUES OF LAW ...............................................................................6

VI.   EXHIBITS AND DEMONSTRATIVES ...........................................7

    A.    Presentation of Evidence .........................................................7

    B.    Exhibits.....................................................................................7

    C.    Demonstratives to Be Used During Direct Examination of Witnesses................................................................................11

    D.    Exhibits and Demonstratives to Be Used During Opening Statements .............................................................................13

VII.  WITNESSES .....................................................................................13

    A.    List of Witnesses Who May be Called.................................14

    B.    Testimony by Deposition ......................................................14

    C.    Impeachment with Prior Inconsistent Testimony ...............17

    D.    Objections to Expert Testimony............................................17

VIII. STATEMENTS OF INTENDED PROOF.......................................17

IX.   MOTIONS IN LIMINE.....................................................................17

X.    JUDGMENT AS A MATTER OF LAW..........................................17

i

XI.    AMENDMENT OF THE PLEADINGS .......................................................17

XII.   LENGTH OF TRIAL ...................................................................................18

XIII.  SETTLEMENT...........................................................................................19

Plaintiff Eagle Pharmaceuticals, Inc. ("Plaintiff") and Defendants Slayback

Pharma LLC ("Slayback"), Apotex Inc., and Apotex Corp. ("Apotex") (together,

"Defendants"), by their undersigned counsel, submit for the Court's approval this

Proposed Final Pretrial Order pursuant to Local Rule 16.3. A Pretrial Conference in

this matter is scheduled for September 15, 2022, at 10:30 a.m. A bench trial of this

matter is scheduled to begin on September 29, 2022, at 8:30 a.m.

**Plaintiff's Counsel**: Eagle is represented by Daniel G. Brown

(daniel.brown@lw.com) of Latham & Watkins LLP, 555 Eleventh Street NW, Suite

1000, Washington, D.C. 20004, 202-654-7136; Kenneth G. Schuler

(kenneth.schuler@lw.com), Marc N. Zubick (marc.zubick@lw.com), and Alex

Grabowski (alex.grabowski@lw.com) of Latham & Watkins LLP, 330 North

Wabash Avenue, Suite 2800, Chicago, IL 60611, 312-876-7700; Jennifer Koh

(jennifer.koh@lw.com) of Latham & Watkins LLP, 12670 High Bluff Drive, San

Diego, CA 92130, 858-523-5400; and Daniel M. Silver (dsilver@mccarter.com),

and Alexandra M. Joyce (ajoyce@mccarter.com) of McCarter & English, LLP, 405

N. King Street, Eighth Floor, Wilmington, DE 19801, 302-984-6300.

**Defendants' Counsel**:  Slayback is represented by Constance S. Huttner

(chuttner@windelsmarx.com), Paul S. St. Marie, Jr. (pstmarie@windelsmarx.com),

Roy Wepner (rwepner@windelsmarx.com), and Beth C. Finkelstein

(bfinkelstein@windelsmarx.com) of Windels Marx Lane & Mittendorf LLC, 1

Giralda Farms, Madison, NJ 07940; and Neal S. Belgam (nbelgam@skjlaw.com),

and Eve H. Ormerod (eormerod@skjlaw.com) of Smith, Katzenstein & Jenkins,

LLP, 1000 West Street, Suite 1501, Wilmington, DE 19801, 302-652-8400.

Apotex Inc. and Apotex Corp. are represented by Deepro R. Mukerjee

(deepro.mukerjee@katten.com), and Lance A. Soderstrom

(lance.soderstrom@katten.com) of Katten Muchin Rosenman LLP, 575 Madison

Avenue, New York, NY 10022, 212-940-8800; Jitendra Malik

(jitty.malik@katten.com), and Joseph M. Janusz (joe.janusz@katten.com) of

Katten Muchin Rosenman LLP, 550 South Tryon Street, Suite 2900, Charlotte, NC

28202, 704-444-2000; Christopher B. Ferenc (christopher.ferenc@katten.com) of

Katten Muchin Rosenman LLP, 2900 K Street NW, Suite 200, Washington, D.C.

20007, 202-625-3500; Rachel Schweers (rachel.schweers@katten.com) of Katten

Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661; and Kenneth

L. Dorsney (kdorsney@morrisgames.com), and Cortlan S. Hitch

(chitch@morrisjames.com) of Morris James LLP, 500 Delaware Avenue, Suite

1500, Wilmington, DE 19801, 302-888-6800.

## I.  NATURE OF THE ACTION

1.    This is an action for patent infringement under the patent laws of the

United States, 35 U.S.C., and the Hatch-Waxman Act, and for declaratory

judgment of patent infringement under the patent laws of the United States, 35

U.S.C., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, arising out of separate filings by both Slayback and Apotex with the U.S. Food & Drug Administration ("FDA") of New Drug Applications ("NDAs"), pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA"), seeking approval to manufacture and sell their proposed products ("Defendants' NDA Products"), which rely on data from bioavailability and bioequivalence studies contained in the approved labeling for Eagle's BELRAPZO® (bendamustine hydrochloride) Injection, 100 mg/ 4 mL (25 mg/mL) ("BELRAPZO®") prior to the expiration of U.S. Patent No. 11,103,483 (the "'483 patent").

2.    BELRAPZO® is an alkylating drug that is indicated for the treatment of patients with chronic lymphocytic leukemia, as well as for the treatment of patients with indolent B-cell non-Hodgkin lymphoma that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen. The active ingredient in BELRAPZO® is bendamustine hydrochloride. Plaintiff sells BELRAPZO® in the United States pursuant to NDA No. 205580, which has been approved by FDA.

3.    Eagle is the owner and assignee of the '483 patent, which has been listed in connection with BELRAPZO® in FDA's Orange Book.

4.    By letter dated October 31, 2018, Slayback notified Eagle pursuant to the FDCA that Slayback had submitted to the FDA NDA No. 212209, and that

3

Slayback was seeking approval to engage in the commercial manufacture, use, sale and/or importation of Slayback's NDA Product prior to the expiration of patents related to the '483 patent, and therefore prior to the expiration of the '483 patent.

5.     By letter dated August 16, 2021, Apotex notified Eagle pursuant to the FDCA that Apotex had submitted to the FDA NDA No. 215033, and that Apotex was seeking approval to engage in the commercial manufacture, use, sale and/or importation of Apotex's NDA Product prior to the expiration of patents related to the '483 patent, and therefore prior to the expiration of the '483 patent.

## A.     Plaintiff's Complaint

6.     Eagle filed suit against Defendants on August 31, 2021, alleging that Defendants' filing of NDA Nos. 212209 and 215033 constituted acts of infringement of the '483 patent. Eagle's Complaint also sought a declaratory judgment that the manufacture, use, offer for sale, sale, marketing, distribution, sale and/or importation of Defendants' NDA Products would infringe the '483 patent. D.I. 1. Eagle is presently asserting infringement of claims 2, 4, and 12 of the '483 patent.

## B.     Defendants' Answer and Counterclaim

7.     Slayback filed its Answer to Eagle's Complaint on September 22, 2021 (D.I. 9), denying infringement of the '483 patent and alleging that the asserted claims of the '483 patent are invalid.

8.     Apotex filed its Answer to Eagle's Complaint on September 22, 2021 (D.I. 11), denying infringement of the '483 patent and alleging that the claims of the '483 patent are invalid. Apotex concurrently filed counterclaims seeking a declaration that its NDA Product would not infringe any valid or enforceable claim of the '483 patent and that the claims of those patents are invalid.

### C.     Claim Construction

9.     On February 9, 2022, the parties exchanged their Initial Claim Terms and Proposed Constructions pursuant to the Court's Scheduling Order (D.I. 27). Both parties identified only one claim term to be construed: "ready to use."

10.     On February 18, 2022, the parties submitted a Joint Stipulation and Proposed Order Regarding Claim Construction. D.I. 41. The parties stipulated that the claim term "ready to use" be construed as "[a]ble to be dispensed with minimal if any effort or preparation; prepackaged." *Id*. That same day, the Court entered the proposed order. D.I. 42.

## II.     <u>JURISDICTION</u>

11.     This is an action for patent infringement under 35 U.S.C. § 271 and for declaratory and injunctive relief. This Court has subject matter jurisdiction over this action and authority to grant the requested relief pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12.     This Court's personal jurisdiction is not disputed. Defendants stated in their respective Answers that they do not contest personal jurisdiction for purposes of this action. D.I. 9 ¶¶ 15–21; D.I. 11 ¶¶ 22–29.

13.     Venue is not disputed. Defendants stated in their respective Answers that they do not contest venue for purposes of this action. D.I. 9 ¶ 14; D.I. 11 ¶ 14.

## III.   **ADMITTED FACTS**

14.     The parties' Joint Statement of Admitted Facts is attached as **Exhibit 1**. These facts are not disputed or have been agreed to or stipulated by the parties. These facts do not require proof at trial and should become part of the evidentiary record in this case.

## IV.   **CONTESTED FACTS**

15.     Eagle's Statement of Issues of Fact that Remain to be Litigated is attached as **Exhibit 2A**.

16.     Defendants' Statement of Issues of Fact that Remain to be Litigated is attached as **Exhibit 2B**.

## V.   **ISSUES OF LAW**

17.     Eagle's Statement of Issues of Law that Remain to be Litigated is attached as **Exhibit 3A**.

18.     Defendants' Statement of Issues of Law that Remain to be Litigated is attached as **Exhibit 3B**.

6

## VI.  EXHIBITS AND DEMONSTRATIVES

### A.  Presentation of Evidence

19.    The parties agree that the order of the presentation of evidence will follow the burden of proof as follows:

1) Infringement:
   - Plaintiff's presentation of asserted patent and case-in-chief on infringement
   - Defendants' response on infringement
2) Invalidity:
   - Defendants' case-in-chief on invalidity
   - Plaintiff's response on invalidity and objective indicia of nonobviousness
   - Defendants' response on objective indicia of nonobviousness

### B.  Exhibits

20.    The parties have agreed to the use of three separate lists of trial exhibits: one agreed joint list of trial exhibits, one list of trial exhibits for Plaintiff, and one list of trial exhibits for Defendants.

21.    Eagle's list of exhibits that they may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and citations to the Federal Rules of Evidence to note Defendants' objections thereto, is attached as **Exhibit 4A**. Eagle's trial exhibits will be identified with PTX numbers; Eagle's demonstrative exhibits will be identified with PDX numbers.

22.    Defendants' list of exhibits that they may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and

7

citations to the Federal Rules of Evidence to note Eagle's objections thereto, is attached as **Exhibit 4B**. Defendants' trial exhibits will be identified with DTX numbers; Defendants' demonstrative exhibits will be identified with DDX numbers.

23.     The parties' joint list of trial exhibits that they may offer at trial is attached as **Exhibit 4C**. The parties' joint trial exhibits will be identified with JTX numbers.

24.     The parties will offer at trial one or more of the exhibits set forth in their respective exhibit lists. These lists include the exhibit numbers to be used at trial and a description sufficient to identify the exhibits. These exhibit lists may include exhibits that may not necessarily be offered or introduced into evidence.

25.     Absent agreement between the parties and approval by the Court, no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the close of a phase of the case, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.

26.     For each witness that a party intends to call for direct examination on Day 1, the party will provide an indication of which exhibits the party intends to use in connection with that examination by Tuesday 9/27, 7:00 p.m. ET and

objections will be provided no later than Wednesday 9/28, 7:00 p.m. ET. The parties will meet-and-confer at 8:30 pm ET on 9/28 to resolve such objections. For each witness that a party intends to call for direct examination on Day 2, the party will provide an indication of which exhibits the party intends to use in connection with that examination by Wednesday 9/28, 7:00 p.m. ET and objections will be provided no later than Thursday, 9/29, 7:00 p.m. ET. The parties will meet-and-confer at 8:30 pm ET on 9/29 to resolve such objections. If good-faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

27.    Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness in conformance with Paragraph 25 above. This paragraph does not apply to the '483 patent and any patents or applications to which it claims priority, the file history for the '483 patent, and the assignment records for the '483 patent, which are received into evidence without presentation to the witness.

28.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each side.

29.     Each party may use an exhibit that is listed on the other side's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted at trial, may be used equally by any party, subject to the Federal Rules of Evidence.

30.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document. Each party reserves the right to object to the relevancy and admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

31.     The parties agree that exhibits to be used solely for impeachment need not be included on the list of trial exhibits or disclosed in advance of being used at trial. The parties reserve the right to object on evidentiary or discovery grounds to any such exhibit if used at trial.

32.     Legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of United States and foreign patents,

and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

33.    The parties shall make available for inspection any physical exhibits to be used at trial, labeled with the exhibit number. Access to the opposing side's physical exhibits shall be at such time and place and under such circumstances as are reasonable and mutually agreed to.

34.    The parties stipulate to the authenticity of all exhibits identified on each party's list, except where specifically indicated with specific reasons for the objection noted.

**C.    Demonstratives to Be Used During Direct Examination of Witnesses**

35.    For demonstratives to be used during direct examination of witnesses on Day 1 of the trial, a party shall provide demonstrative exhibits (in electronic .pdf form) with an indication of the witness(es) with whom the subject demonstrative exhibit may be used to opposing counsel by Tuesday 9/27 at 7:00 p.m. ET and objections will be provided no later than Wednesday 9/28 at 7:00 p.m. ET. The parties will then meet-and-confer at 8:30 pm ET on 9/28 to resolve such objections.  For demonstratives to be used during direct examination of witnesses on Day 2 of the trial, a party shall provide demonstrative exhibits (in electronic .pdf form) with an indication of the witness(es) with whom the subject

11

demonstrative exhibit may be used to opposing counsel by Wednesday 9/28 at 7:00 p.m. ET and objections will be provided no later than Thursday 9/29 at 7:00 p.m. ET. The parties will then meet-and-confer at 8:30 pm ET on 9/29 to resolve such objections. If good-faith efforts to resolve the objections fail, the party objecting to the demonstrative exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of a demonstrative exhibit or waiver of objection to the demonstrative exhibit. A party may use any demonstrative used during the direct examination of a witness for the cross examination of that same witness without notice.

36.    For each Demonstrative Exhibit that includes an excerpt from a document, the party shall cite the document by Trial Exhibit number on the face of the demonstrative.

37.    Paragraph 35 does not apply to demonstratives created during testimony, which need not be provided to the other side in advance of their use.

38.    Paragraph 35 does not apply to highlighting, ballooning, arrowing, call-outs, etc. of exhibits or testimony, which are not required to be provided to the other side in advance of their use.

**D.     Exhibits and Demonstratives to Be Used During Opening Statements**

39.     The parties shall exchange lists of any exhibits and copies (in electronic .pdf form) of any demonstrative exhibits (except for demonstrative exhibits that will be created live in the courtroom) that each party intends to use in its opening statement by Wednesday 9/28, 11:00 a.m. ET as to both exhibits and demonstratives, and a party in receipt of those opening materials shall inform the producing party of any objections to those materials by 7 p.m. ET on 9/28.  The parties shall meet and confer to resolve those objections at 8:30 p.m. ET on 9/28.

## VII.   <u>WITNESSES</u>

40.     The parties agree that fact witnesses will be sequestered, including for opening statements. The parties agree that expert witnesses need not be sequestered.

41.     The parties will give each other advance notice of the witnesses they will call, including the order in which the party intends to call the witness, by Monday 9/26 at 7:00 p.m. ET for witnesses who will testify on Day 1, and by Tuesday 9/27 at 7:00 p.m. ET for the witnesses who will testify on Day 2. This paragraph applies only to the identification of live witnesses; witnesses whose testimony will be played or read from a deposition must be disclosed according to the schedule set forth in below section B.

ME1 42245979v.1

42.     For the convenience of witnesses, the parties, and to streamline presentation for the Court, fact witnesses will testify only once, barring a showing of good cause. The parties agree that this provision applies to witnesses who testify live and by deposition designation.

### A.     List of Witnesses Who May be Called

43.     Eagle's List of Witnesses Who May be Called Live or by Deposition, along with Defendants' objections thereto, is attached as **Exhibit 5A**.

44.     Defendants' List of Witnesses Who May be Called Live or by Deposition, along with Eagle's objections thereto, is attached as **Exhibit 5B**.

45.     Any witness not listed in the above exhibits will be precluded from testifying, absent good cause shown.

### B.     Testimony by Deposition

46.     The deposition testimony that Eagle may offer into evidence, along with Defendants' objections to Eagle's designations, Defendants' counter-designations, and Eagle's objections to Defendants' counter-designations, is attached as **Exhibit 6A**.

47.     The deposition testimony that Defendants may offer into evidence, along with Eagle's objections to Defendants' designations, Eagle's counter-designations, and Defendants' objections to Eagle's counter-designations, is attached as **Exhibit 6B**.

14

48.     This pretrial order contains the maximum universe of deposition designations, which shall not be supplemented without approval of all parties or leave of the Court, on good cause shown.

49.     The party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered from previously exchanged depositions (by line and page number) by 7:00 p.m. ET two days before the deposition testimony is to be played or read at trial. The opposing party shall provide the designating party with any objections or counter-designations (by line and page number) to the affirmative designations by 7:00 p.m. ET the day following receipt of the designating party's affirmative designations. The party offering the deposition testimony designations shall then provide a "clip report" showing videotape run-times for both the deposition designations and counter-designations. The parties will thereafter meet-and-confer at 8:30 p.m. ET to resolve any objections. Any issues that remain will be raised orally with the Court before the designations are played or read; unless the Court requests otherwise, there will be no written submissions to the Court.

50.     All irrelevant material, including colloquy between counsel, requests to have the court reporter read back a question, and objections, may be eliminated when the deposition is played or read at trial. Any counter-designation listed in the Pretrial Order may be used in response to any designation by the designating party

15

of the same witness, and counter-designations need not be listed separately for each line of testimony for which they may be used in response.

51.    When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be played or read. The parties will be charged for time according to the following proportions: each side shall be charged only with the time needed to play its own designations or counter-designations, and will not be charged with the time necessary to play the other side's designations or counter-designations.

52.    The parties agree that deposition testimony may be played by video or read into the record. The parties may omit dead time and long pauses from the testimony they designate to be played. The time available for each party's trial presentation shall be reduced by the length of its designations played or read at trial.

53.    No deposition testimony may be presented for any witness testifying live, except for purposes of impeachment or 30(b)(6) deposition testimony from a witness who is testifying live.

16

### C.     Impeachment with Prior Inconsistent Testimony

54.     The parties agree that the Court should allow objections to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of consistency.

### D.     Objections to Expert Testimony

55.     The parties agree that the Court should rule at trial on objections to expert testimony as beyond the scope of expert disclosures.

## VIII.  STATEMENTS OF INTENDED PROOF

56.     Eagle's Statement of Intended Proof is attached as **Exhibit 7A**.

57.     Defendants' Statement of Intended Proof is attached as **Exhibit 7B**.

## IX.   MOTIONS IN LIMINE

58.     All briefing related to Eagle's Motions *in Limine* are attached as Exhibit 8.

59.     All briefing related to Defendants' Motions *in Limine* are attached as Exhibit 9.

## X.   JUDGMENT AS A MATTER OF LAW

60.     The parties will make any motions for judgment as a matter of law or judgment on partial findings under Rule 52(c) after the appropriate phase of trial.

## XI.   AMENDMENT OF THE PLEADINGS

61.     The parties do not seek to amend the pleadings.

ME1 42245979v.1

## XII.   LENGTH OF TRIAL

62.     This case is currently scheduled for a two-day bench trial beginning at 8:30 a.m. on Thursday, September 29, 2022.  *See* 6/9/2022 Oral Order.  The trial will be timed. Unless otherwise ordered, time will be charged to a party for its own presentations or examinations, including a party's opening statement, direct and redirect examinations of witnesses it calls (including by designation), cross-examination of witnesses called by any other party (including by designation), and closing argument (if permitted by the Court)[1]. If a party raises undue or dilatory objections, the Court may charge that party with the time spent resolving those objections. The Courtroom Deputy will keep a running total of trial time used by counsel. If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation. The time allotted for trial will be evenly split between Plaintiff and Defendants.

63.     The parties' proposed schedule for post-trial briefing is that Opening Post-Trial Briefs and Findings of Fact on narrowed issues of infringement/invalidity shall be due October 14 and Responsive Post-Trial Briefs on narrowed issues for infringement/invalidity shall be due October 28.

---

[1] The parties propose that the Court hear closing arguments after post-trial briefing has concluded.

18

64.     Eagle's Orphan Drug Exclusivity expires on December 7, 2022. Defendants have not agreed to refrain from launching their respective products during the pendency of an opinion from the Court.  Thus, the parties' proposed schedule is expedited in an effort to allow the Court time to reach a decision before that date, and thus avoid potential preliminary injunction proceedings.  If the Court believes the proposed schedule does not allow enough time, the parties are open to discussing alternative schedules.

## XIII.  SETTLEMENT

65.     The parties hereby certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement.  On May 16, 2022, Eagle made a written offer to each of Apotex and Slayback proposing an entry date that has been accepted by another entity that previously was engaged in litigation with Eagle regarding its bendamustine products.  Both Slayback and Apotex have rejected Eagle's offer and did not make any counter-offer.  All parties remain open to continuing such discussions.

*     *     *

McCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com

Daniel G. Brown
Rebecca L. Neubauer
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 654-7136

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700

Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

*Attorneys for Plaintiff Eagle*
*Pharmaceuticals, Inc.*

Dated:  September 9, 2022

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Eve H. Ormerod*
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

Constance S. Huttner
Paul S. St. Marie, Jr.
Roy Wepner
Beth C. Finkelstein
WINDELS MARX LANE & MITTENDORF LLC
1 Giralda Farms
Madison, NJ 07940
chuttner@windelsmarx.com
pstmarie@windelsmarx.com
avyakarnam@windelsmarx.com
bfinkelstein@windelsmarx.com

*Attorneys for Defendant Slayback*
*Pharma LLC*

20

MORRIS JAMES LLP

*/s/ Cortlan S. Hitch*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

Deepro R. Mukerjee
Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN
LLP
575 Madison Avenue
New York, NY 10022-2585
212.940.8800
deepro.mukerjee@katten.com
lance.soderstrom@katten.com

Jitendra Malik
Joseph M. Janusz
KATTEN MUCHIN ROSENMAN
LLP
550 South Tryon Street, Suite 2900
Charlotte, NC 28202
704.444.2000
jitty.malik@katten.com
joe.janusz@katten.com

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN
LLP
2900 K Street NW Suite 200
Washington, DC 20007
202.625.3500
christopher.ferenc@katten.com

21

Rachel L. Schweers
KATTEN MUCHIN ROSENMAN
LLP
525 W. Monroe Street
Chicago, IL 60661
312.902.5200

*Attorneys for Defendants*
*Apotex Inc. and Apotex Corp.*

22

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the

subsequent course of the action, unless modified by the Court to prevent manifest

injustice.

DATED: _____        _____

                                                CHIEF UNITED STATES DISTRICT JUDGE

23