IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SLAYBACK PHARMA LLC, et al., <br><br> Defendants. | C.A. No.: 21-1256-CFC |

### [PROPOSED] FINAL JUDGMENT

WHEREAS, this patent infringement action was brought by Plaintiff Eagle Pharmaceuticals, Inc. ("Plaintiff") against Defendants Slayback Pharma LLC ("Slayback"), Apotex Inc., and Apotex Corp. (together, "Apotex") (collectively, "Defendants"), alleging infringement of U.S. Patent No. 11,103,483 (the "'483 patent") by the products that are the subject of Slayback's New Drug Application ("NDA") No. 212209 ("Slayback's NDA Product") and Apotex's NDA No. 215033 ("Apotex's NDA Product") filed with the U.S. Food & Drug Administration ("FDA");

WHEREAS, the Court conducted a bench trial on September 29, 2022 during which Eagle asserted that Slayback's NDA Product and Apotex's NDA Product infringed claims 2 and 4 of the '483 patent (the "Asserted Claims"); and

WHEREAS, for the reasons set forth on the record at trial, and pursuant to Federal Rule of Civil Procedure 58(b),

**IT IS HEREBY ORDERED AND ADJUDGED** this ___25th_____ day of __October__, 2022, that:

1. Final judgment that the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Slayback's NDA Product in accordance with NDA No. 212209 would not infringe the Asserted Claims (Counts I and III of the Complaint (D.I. 1)) is entered in favor of Slayback and against Plaintiff.

2. Final judgment that the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's NDA Product in accordance with NDA No. 215033 would not infringe the Asserted Claims (Counts II and IV of the Complaint (D.I. 1)) is entered in favor of Apotex and against Plaintiff.

3. All claims by Plaintiff for infringement of the '483 patent other than the Asserted Claims are dismissed with prejudice.

4. Final judgment that the manufacture, use, sale, offer for sale, or importation into the United States of Apotex's NDA Product in accordance with NDA No. 215033 has not infringed, does not infringe, and would not, if marketed, infringe any claim of the '483 patent (Count I of Apotex's Counterclaims (D.I. 11)) is entered in favor of Apotex and against Plaintiff.

5. Given the finding of non-infringement, the Court did not reach

Defendants' defenses and counterclaims concerning invalidity or Plaintiff's defenses to Apotex's invalidity counterclaim (Count II of Apotex's Counterclaims (D.I. 11)). All such claims and defenses are hereby dismissed without prejudice.

6. Any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within 30 days after the final disposition of any such appeal, or, if no appeal is taken, then within 30 days from the deadline for filing a notice of appeal.

_____
Chief United States District Court Judge